**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br> v.<br><br>MURVILLE LAVELLE LAMPKIN, AKA Lamar,<br><br>        Defendant-Appellant. | No.   18-30160<br><br>D.C. No.<br>3:15-cr-00005-SLG-DMS-5<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted August 12, 2020[**]
Anchorage, Alaska

Before: RAWLINSON, MURGUIA, and R. NELSON, Circuit Judges.

Murville Lampkin was found guilty of a number of crimes—among them possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a). He challenges this conviction, for which he was sentenced to 240

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

months, on the basis that the jury failed to make the necessary factual finding as to the weight of the methamphetamine, in violation of *Alleyne v. United States*, 570 U.S. 99 (2013).  He also appeals the denial of his motion to sever his case from co-defendant Tracey Trujillo.  We review questions of law such as *Alleyne* claims *de novo*, *see, e.g.*, *United States v. Banuelos*, 322 F.3d 700, 704 (9th Cir. 2003) (citing *United States v. Gill*, 280 F.3d 923, 930 (9th Cir. 2002)), and a district court's denial of a motion to sever for an abuse of discretion, *United States v. Decoud*, 456 F.3d 996, 1008 (9th Cir. 2006) (citing *United States v. Pitner*, 307 F.3d 1178, 1181 (9th Cir. 2002)).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

     1.     At the time of Lampkin's sentencing, a violation of 21 U.S.C. § 841(a) involving at least 50 grams of methamphetamine and a defendant with a prior conviction for a serious drug or violent felony carried a sentence of "a term of imprisonment which may not be less than 20 years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(A)(viii).  "Facts that increase the mandatory minimum sentence are . . . elements and must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 570 U.S. at 108.  Lampkin, as noted above, claims that the jury failed to make the necessary factual finding as to the weight of the drugs.

     Here, a special verdict form asked the jury whether Lampkin "possessed the following quantity:  50 grams or more of methamphetamine."  The jury answered

that question in the affirmative. Lampkin maintains the form should have used the phrase "actual methamphetamine" or "pure methamphetamine" to describe the drug. He provides no authority to support the proposition, and there are a number of reasons to reject it. First, the form tracks verbatim the language of 21 U.S.C. § 841(b)(1)(A)(viii) ("50 grams or more of methamphetamine"). Second, when read in light of the jury instruction on the possession counts, which instructed the jury to exclude from the weight of the drugs "any packaging material," and another special verdict form, which asked the jury to determine whether Lampkin possessed "a mixture and substance containing [methamphetamine]" that weighed 50 grams or more, it is evident that the plain reference to "methamphetamine" in the special verdict form at issue refers solely to pure or actual methamphetamine rather than the drug in combination with packaging or another substance. Accordingly, the special verdict form was proper, and the jury made the necessary factual finding under *Alleyne*.

Moreover, even if we were to assume that the special verdict form was defective, the error was harmless in light of the overwhelming and undisputed evidence presented at trial regarding the weight and purity of the methamphetamine in Lampkin's possession. An *Alleyne* error does not require reversal if the error was harmless. *United States v. Carr*, 761 F.3d 1068, 1082 (9th Cir. 2014) (citing *United States v. Salazar-Lopez*, 506 F.3d 748, 755 (9th Cir.

3

2007)). "An *Alleyne* error is harmless only 'where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error.'" *Id.* at 1082 (quoting *Neder v. United States*, 527 U.S. 1, 17 (1999)).

At trial, the government presented uncontested and overwhelming evidence as to the weight and purity of the methamphetamine in Lampkin's possession. In fact, Lampkin *stipulated to* the admission of a number of lab reports concerning drugs seized from his home—among them a report which analyzed the methamphetamine found in the safe. This report concluded that the purity of the methamphetamine found in the safe was approximately 97.6 percent and that amount of pure methamphetamine was about 407.5 grams—more than eight times the amount (50 grams) which triggered Lampkin's ultimate sentence.

2. Lampkin further argues that the district court abused its discretion in denying his motion to sever and that the resulting continuance deprived him of his right to a speedy trial pursuant to the Speedy Trial Act. "The test for abuse of discretion by the district court is 'whether a joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial.'" *Decoud*, 456 F.3d at 1008 (quoting *United States v. Patterson*, 819 F.2d 1495, 1501 (9th Cir. 1987)).

4

Here, as an initial matter, Lampkin never renewed his oral motion to sever—despite the fact that the district court invited Lampkin to renew the motion—and thus failed to diligently pursue the motion to sever. *See United States v. Vasquez-Velasco*, 15 F.3d 833, 845 n.9 (9th Cir. 1994); *see also United States v. Davis*, 932 F.2d 752, 762 (9th Cir. 1991) ("Renewal of the motion to sever was necessary in this instance because the district court did not indicate that a renewal would be fruitless."). In failing to diligently pursue the motion, Lampkin waived appellate review of this issue. *See Davis*, 932 F.2d at 762. Additionally, and critically, because Trujillo ultimately pleaded guilty prior to trial and Lampkin was tried alone, Lampkin cannot demonstrate he suffered any prejudice at trial.[1]

**AFFIRMED.**

---

[1] Even if we were to construe Lampkin's severance argument as an argument that the district court violated his right to a speedy trial under the Speedy Trial Act, this argument fails, too. Under the statute, "[f]ailure of the defendant to move for dismissal prior to trial . . . shall constitute a waiver of the right to dismissal." 18 U.S.C. § 3162(a)(2); *see also United States v. Hall*, 181 F.3d 1057, 1060 (9th Cir. 1999). Lampkin never moved to dismiss his case prior to trial based on a speedy trial claim.