# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

**RECEIVED JAN 28 2020 CLERK, U.S. DISTRICT COURT ANCHORAGE, A.K.**

| United States District Court | District of Alaska | |
|---|---|---|
| Name (under which you were convicted): MURVILLE LAVELLE LAMPKIN | | Case No.: 3:15-CR-00005-SLG |
| Place of Confinement: FCI Sheridan | | Prisoner No.: 14112006 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. MURVILLE LAVELLE LAMPKIN | | |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   **US District Court of Alaska**

   (b) Criminal docket or case number (if you know): **3:15-CR-00005-SLG**

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing: **July 10th 2017?**

3. Length of sentence: **240 Months**

4. Nature of crime (all counts):
   **Count 1 Distribution and Conspiracy to distribute Controlled Substances 21 USC § 846 - 21 USC § 841(b)(1)(A) - 21 USC § 851
   Count-2 Money Laundering 18 USC § 1956(b) and (a)(2)(B)(i)
   Count-10 Distribution of Heroin - 21 USC § 841(a)(2)
   Count-11 Possession with intent to Distribute Methamphetamine 21 USC § 841(b)(1)(A) 21 USC § 851**

5. (a) What was your plea? (Check one)
   (1) Not guilty ☒   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☒   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☒ No ☐
8. Did you appeal from the judgment of conviction? Yes ☒ No ☐
9. If you did appeal, answer the following:
    (a) Name of court: 9Th Circut Court of Appeal
    (b) Docket or case number (if you know): 18-30160
    (c) Result: Conviction Stands
    (d) Date of result (if you know): 8-22-2020
    (e) Citation to the case (if you know):
    (f) Grounds raised:

    Speedy trail violation
    Jury instructions - Not guilty of 50 genms or More

    (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒
        If "Yes," answer the following:
        (1) Docket or case number (if you know):
        (2) Result:

        (3) Date of result (if you know):
        (4) Citation to the case (if you know):
        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐ No ☒
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?  Yes ☐  No ☒

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

   (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?  Yes ☐  No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

   (1) First petition:   Yes ☐  No ☐

   (2) Second petition:   Yes ☐  No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: ON Advice of Attorney

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

IAC My Attorney Mike Moberly was ineffective when he admitted on record that he did put all the facts in the motion to surpless. He also filed paperwork stating that he didnt do his Job because he feared me. And that I hadnt did anything for him to fear me other than my appearance. (Blackman) and that may be the reason he didnt represent me to the fullest.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Attorney Advised Not to

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




GROUND TWO:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

IAC
I was ~~pre judiced~~ prejudiced by my attorney telling me that he could not go back and fix the mistakes made that my other attorney admitted to on my motion to surpress. This left me with an attorney who lied and was not willing to doe his job This hindered me by not allowing me to at lest get an evidentrey hearing to address the problems with the search warrant that was obtain illegally and would have had the Evidence dismissed and not let the jury be influenced by it.

Case 3:15-cr-00005-SLG   Document 983   Filed 01/28/21   Page 5 of 19

(b) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐   No ☒

   (2) If you did not raise this issue in your direct appeal, explain why:

      Advise by Attorney Not to.

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐   No ☒

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes ☐   No ☒

   (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ☐   No ☒

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

      Yes ☐   No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND THREE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I.A.C. I was prejudiced by my Attorney when He found out later on doring pretrial time that the Informant was not honest and truthful like the warrant affidavit stated. He was found hiding drug on a Controlled by And these facts were hiden from the Judge And Never Reported He did Not want to address this issue, which Allowed the Judge to make A decision on Untrue facts And Not the Real facts. And Deceived the Judge into granting A Search Warrant.

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Advised by Attorney Not to.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND FOUR:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

IAC Claim #4
My Attorney was ineffective when he failed to bring up the fact that when he interviewed the Informant. The informant stated "He didn't know who I was. And that officers would have to show him a picture of me." This prejudiced me because it would have shown that the Informant didn't ID me like the Search Warrant Affidavit stated. And Judge would not be able to take him as creditable. This is another false statement given to the Judge so a Search Warrant could be granted.

(b) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐ No ☑

   (2) If you did not raise this issue in your direct appeal, explain why:

      Advised by Attorney Not to.

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐ No ☑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes ☐ No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ☐ No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

      Yes ☐ No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: No. Not that I can think of at this time

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?    Yes ☐   No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: Jamie McGrady

    (b) At arraignment and plea: Mike Moberly

    (c) At trial: Ben Crittenden

    (d) At sentencing: Ben Crittenden

(e) On appeal: Tom WEAVER

(f) In any post-conviction proceeding: Gretchen Staft

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☒  No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐  No ☒
    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed: N/A
    (c) Give the length of the other sentence: NONE
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes ☐  No ☒

Therefore, movant asks that the Court grant the following relief:

dismiss All charges -
dismiss Conviction -
Remove Sentences - Evidentiary hearing for New trial

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on __1-25-21__ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Ground #5
I.A.C

My Attorney was ineffective when he didnt address to the Courts all discovery issues. Prosecutors stated they would turn over the survailance warrants once they were unsealed. but never turned them over. Then stated they didnt need survailance warrants. This prejudiced me by not allowing me to have all discovery that Im entitrled to. This would have not let the Jury see a video that was obtained without a warrant.

5(b)   NO
5(b)(2)   Attorney advised not to


Ground #6
I.A.C

My attorney was ineffective when he didnt challenge the violation of my speedy trial right and ask that the charges be dismissed. The Appellet Court recignized the failure on the part of my attorney to ask for dismissal. This prejudiced me by allowing my rights to be violated. This would have changed the outcome by not allowing the trial to move forward. →

when it shown have been dismissed due to a violation of my rights.

6(b) YES
6(c) YES
6(c)(2) 9Th Circut Appellet Court
Docket # USCA 18-30160
Date of decision 8-22-20 ?
6(3) NO
6(4) NO
6(7) Advised by Attorney not to

# Ground #7
## I.A.C

My Attorney was ineffective when he told me that my past criminal history would not be allowed in at trial if I took the stand. This prejudiced me by allowing the jury to judge me on my past and not on the case I was charged with.

7(b)(1) NO
7(b)(2) Advised by Attorney not to
7(c) NO

Ground #8
I.A.C

My Attorney was ineffective when he failed to do a Bates challenge. It prejudiced me by not being judged by a jury of my piers. If my attorney would have challenged then the judge could of addressed it and fixed it. This would have changed the jury box and allowed me my rights that the courts afford me.

8(b)   No
8(b)(2)   Advised by attorney not to.


Ground #9
I.A.C

My attorney was ineffective when he found out that the security system in my house and video was destroyed and didnt file on it. After I told him it would show that I was telling the truth. This effected me by not having evidence that was favorable to me. This would have let the courts know and find out why it was destroyed and lied about.

9(b)   No
9(b)(2)   Advised by Attorney Not to

Ground #10
I.A.C

My Attorney was ineffective when he failed to investigate the illegal wiretap placed in the Attorney-Client room by the prosecutors office. He failed to push for a dismissal. This prejudiced me by violating my rights under attorney-client priveledge. This warranted a dismissal of all charges. And not allow prosecutors to knowingly violate the law.

10(b) No
10(b)(2) Advised by Attorney not to


Ground #11
I.A.C

My Attorney was ineffective when he failed to challenge the use of the Jailhouse phone calls recording when the prosecutor stated to the courts that they werent going to use them. This prejudiced me by giving the prosecutor a tactical advantage by decieving the defence and the courts

11(b) No
11(b)(2) Advised by Attorney not to

Ground #12
I.A.C
My Attorney was ineffective when he failed to address to the Courts when Jurors were falling asleep at the time it was happening during trial. This prejudiced me by not having Juror listen to all the facts

12(b) NO
12(b)(2) Advised by Attorney not to

Ground #13
I.A.C
My Attorney was ineffective when he failed to investigate the letter sent to him by a Juror claiming Juror misconduct by another Juror who looked me up online and researched me. This prejudiced me by allowing Juror to judge me by information on the internet and not by what the Judge allowed in. This prejudiced me in a major way when Jurors are told not to do this

13(b) NO
13(b)(2) Advised by Attorney not to.

Case 3:15-cr-00005-SLG   Document 983   Filed 01/28/21   Page 17 of 19

Ground # 14
I.A.C
My attorney was ineffective when he fail to file my appeal like I asked. forcing me to file it myself. Even the district Court Judge had to write him a letter telling him to do his Job and he still failed to do it. This prejudiced me by Not having an attorney that would represent me properly. And didn't care about the outcome.

14(b) NO
14(b)(2) Advised by Attorney Not to.

These are the 14 Ground of my 2255 I.A.C claim.

Morville Lampkin
3:15-CR-00005-SLG

Murville Lampkin 14112006  
Federal Correctional Institution  
Po Box 5000  
Sheridan OR 97378

U.S. District Court  
222 West 7th Avenue #4  
Anchorage AK 99513



