**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| MURVILLE LAVELLE LAMPKIN, | Case No. 3:15-cr-00005-SLG |
| Defendant. | |

## ORDER REGARDING COUNSEL'S CERTIFICATION OF HABEAS CLAIMS

In 2016, a jury convicted Mr. Lampkin of various drug and money laundering crimes.[1]  In January 2021, Mr. Lampkin filed a *pro se* 28 U.S.C. § 2255 motion.[2]  Habeas counsel was appointed and subsequently filed a supplemental § 2255 motion.[3]

Mr. Lampkin's *pro se* motion raises 14 claims of ineffective assistance of counsel and is signed only by Mr. Lampkin.  The supplemental motion filed by counsel supports only one of those claims (Claim 7, alleging ineffective assistance for not adequately advising Mr. Lampkin of the admissibility of his prior convictions if Mr. Lampkin testified at trial).  However, the supplemental motion notes that Mr.

---

[1] Docket 584 (jury verdict).

[2] Docket 983.

[3] Docket 1012.

Lampkin "does not agree to waive any arguments set forth in his initial, *pro se* 2255 motion."[4]

Both the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure apply to § 2255 habeas proceedings.[5] Rule 11(a) of the Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Local Civil Rule 11.1(a)(3) prohibits a party from appearing both *pro se* and through counsel. The Local Civil Rules apply to criminal proceedings.[6] Moreover, a habeas petitioner has no constitutional right to counsel[7]—and even if he did have such a constitutional right, the right does not require a court to allow hybrid representation.[8] In sum, Mr. Lampkin cannot both proceed *pro se* on the 13 claims raised only by him and have representation as to the one claim certified by counsel.

---

[4] Docket 1012 at 1.

[5] Rule 12 of the Rules Governing § 2255 Cases in the U.S. District Courts.

[6] D. Ak. Loc. Crim. R. 1.1(b).

[7] *Martinez v. Court of Appeal of California*, 528 U.S. 152, 160 (2000) (Sixth Amendment rights attach only "in preparation for trial and at the trial itself"); *Tamalini v. Stewart*, 249 F.3d 895, 900-02 (9th Cir. 2001) (Sixth Amendment rights do not extend beyond the trial).

[8] *McKaskle v. Wiggins*, 465 U.S. 168, (1984) (Sixth Amendment right to counsel does not require a court to allow hybrid representation; *United States v. Kienenberger,* 13 F.3d 1354, 1356 (9th Cir. 1994) (criminal defendant does not have a constitutional right to hybrid representation).

Case No. 3:15-cr-00005-SLG, *United States v. Lampkin*
Order Re Counsel's Certification of Habeas Claims
Page 2 of 3

In light of the foregoing, IT IS ORDERED that within **21 days of the date of this order**, habeas counsel shall confer with Mr. Lampkin and file one of the following with the Court:

- Counsel's certification of some or all of the claims set forth in the *pro se* motion at Docket 983 and a notice that Mr. Lampkin is waiving any claim not certified by counsel;

- A notice that Mr. Lampkin is waiving all claims except the claim certified by counsel in the supplemental § 2255 motion at Docket 1012; or

- A notice that Mr. Lampkin has elected to proceed *pro se* in his habeas action and an accompanying motion to withdraw as counsel.

The government's motion at Docket 1023 regarding a waiver of attorney-client privilege is STAYED pending habeas counsel's filing.

DATED this 20th day of December, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:15-cr-00005-SLG, *United States v. Lampkin*
Order Re Counsel's Certification of Habeas Claims
Page 3 of 3

Case 3:15-cr-00005-SLG   Document 1028   Filed 12/20/21   Page 3 of 3