# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MURVILLE LAVELLE LAMPKIN,<br><br>    Defendant. | Case No. 3:15-cr-00005-SLG |

### ORDER REGARDING MOTION FOR COMPASSIONATE RELEASE

Before the Court at Docket 1100 is Defendant Murville Lampkin's *pro se* Motion for Compassionate Release. The Government did not file a response to the motion. As requested by the Court, the U.S. Probation Office for the District of Alaska filed a sealed memorandum at Docket 1102 regarding what the U.S. Sentencing Commission guideline would be for Mr. Lampkin under current law, and whether the statutory mandatory minimum had been reduced with respect to Count 11 of the Indictment.

On July 10, 2018, this Court sentenced Mr. Lampkin to 240 months imprisonment and 10 years supervised release after he was found guilty at trial of one count of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances; one count of Money Laundering Conspiracy; one count of Distribution of Controlled Substances; and one count of Possession with the Intent

to Distribute Controlled Substances.[1] The Court found that the enhanced penalty provision pursuant to 21 U.S.C. § 851 applied, and that the statutory mandatory minimum of 20 years (240 months) therefore applied to Count 11, the count of Possession with the Intent to Distribute Controlled Substances.[2] Mr. Lampkin is currently in Bureau of Prisons (BOP) custody and incarcerated at Sheridan FCI; his projected release date is January 29, 2031.[3]

In May 2021, the Court denied on the merits Mr. Lampkin's first motion for compassionate release; that motion was based on his medical conditions.[4] In June 2021, the Court denied Mr. Lampkin's renewed request for compassionate release based on the COVID-19 pandemic that he presented in a motion for reconsideration.[5] In March 2023, Mr. Lampkin filed the instant motion for compassionate release, seeking to reduce his sentence to time served with two to five years of supervised release.[6] For the reasons addressed below, the Court

---

[1] Docket 825 (Judgment).

[2] *See* Docket 750 at 1-2 (sealed); Docket 817.

[3] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed May 8, 2023).

[4] *See* Docket 1000.

[5] *See* Docket 1004.

[6] Docket 1100 at 11. On the last page of his pro se filing, Mr. Lampkin also requested that an attorney be appointed to represent him in these proceedings, but that request appears to have been included in error since the Court granted withdrawal of Mr. Lampkin's attorney immediately prior to Mr. Lampkin filing his instant motion for compassionate release. Docket 1099. The Court will therefore disregard this request.

Case No. 3:15-cr-00005-SLG, *United States v. Lampkin*
Order re Motion for Compassionate Release
Page 2 of 11
Case 3:15-cr-00005-SLG-MMS   Document 1103   Filed 05/16/23   Page 2 of 11

partially grants Mr. Lampkin's motion and reduces his sentence to 180 months, with 10 years of supervised release to follow.

## I. Applicable law

The First Step Act of 2018, enacted on December 21, 2018, amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[7] If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits. On the merits, a court must find that "extraordinary and compelling reasons warrant" a sentence reduction *and* that the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction.[8] Although a district court must make both findings "before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step."[9] The Sentencing Commission's policy statement at U.S.S.G. § 1B1.13 is not binding on a district court considering a compassionate release motion filed by a defendant, but that policy statement "may inform a district court's discretion."[10]

---

[7] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

[8] 18 U.S.C. § 3582(c).

[9] *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (emphasis in original) (disagreeing with the defendant that a district court must make an explicit "extraordinary and compelling" finding before denying a motion based on the § 3553(a) factors).

[10] *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

Case No. 3:15-cr-00005-SLG, *United States v. Lampkin*
Order re Motion for Compassionate Release
Page 3 of 11
Case 3:15-cr-00005-SLG-MMS   Document 1103   Filed 05/16/23   Page 3 of 11

In September 2022, the Ninth Circuit held in *United States v. Chen* that "district courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons for purposes of [compassionate release pursuant to] § 3582(c)(1)(A)."[11] In that case, the defendant was convicted of several drug and firearm-related charges and received a 25-year mandatory minimum stacking enhancement pursuant to 18 U.S.C. § 924(c). The First Step Act modified the 25-year enhancement so that it is now triggered with a distinctly subsequent § 924(c) conviction. But the First Step Act did not make this change retroactive. In the defendant's motion for compassionate release, he asserted that, were he to be sentenced under current law, he would no longer be subject to the mandatory 25-year enhancement but rather only a 60-month sentence. The district court, however, held that it could not consider these non-retroactive changes "when assessing whether a defendant has shown extraordinary and compelling reasons for purposes of" compassionate release. The Ninth Circuit disagreed and, after examining a circuit split, reasoned that such consideration was permitted because Congress had not placed limitations on such consideration and because barring it "would seemingly contravene the original intent behind the compassionate release statute, which was created to provide the 'need for a

---

[11] 48 F.4th 1092, 1094, 1098 (9th Cir. 2022) ("There is no textual basis for precluding district courts from considering non-retroactive changes in sentencing law when determining what is extraordinary and compelling.").

Case No. 3:15-cr-00005-SLG, *United States v. Lampkin*
Order re Motion for Compassionate Release
Page 4 of 11
Case 3:15-cr-00005-SLG-MMS   Document 1103   Filed 05/16/23   Page 4 of 11

"safety valve" with respect to situations in which a defendant's circumstances had changed such that the length of continued incarceration no longer remained equitable.'"[12] The Circuit thus vacated and remanded the case to the district court "to reassess whether extraordinary and compelling reasons exist when considering non-retroactive changes in sentencing law, in combination with other factors particular to [the defendant's] case."[13]

Among other changes, the First Step Act also reduced the mandatory minimum sentence for a second felony drug conviction, pursuant to 21 U.S.C. § 841, from 20 years to 15 years.[14] However, the First Step Act did not make that change retroactive.[15] Thus, in a § 851 proceeding to establish a prior conviction of such an offense, the enhanced penalty provision, if applicable, would today result in a mandatory minimum of 15 years if the defendant had only one such prior conviction.[16] Several district courts within the Ninth Circuit have applied *Chen*'s

---

[12] *Chen*, 48 F.4th at 1098-99 (quoting *United States v. Ruvalcaba*, 26 F.4th 14, 26 (1st Cir. 2022)). The Ninth Circuit noted that "Congress has only placed two limitations directly on extraordinary and compelling reasons: the requirement that district courts are bound by the Sentencing Commission's policy statement, which does not apply here, and the requirement that '[r]ehabilitation . . . alone' is not extraordinary and compelling." *Chen*, 48 F.4th at 1098 (alteration in original) (first citing 18 U.S.C. § 3582(c)(1)(A); and then citing 28 U.S.C. § 994(t)).

[13] *Chen*, 48 F.4th at 1101.

[14] *See* First Step Act § 401(a)(2)(A)(i); 21 U.S.C. § 841(b)(1)(A), in the text following clause (viii).

[15] First Step Act § 401(c).

[16] *See* 21 U.S.C. §§ 841(b)(1)(A), 851. The modified statute also requires that the prior conviction be for a "serious drug felony," whereas the prior statute only required a prior "felony drug offense" conviction. The Court notes that Mr. Lampkin's predicate drug conviction that triggered the § 851 enhancement in the instant case appears to meet the definition of the new, post-FSA "serious drug felony" term set forth in 21 U.S.C. § 802(57): Mr. Lampkin was convicted of his predicate drug offense pursuant to 21 U.S.C. § 841(a)(1); he served a term of more than

Case No. 3:15-cr-00005-SLG, *United States v. Lampkin*
Order re Motion for Compassionate Release
Page 5 of 11
Case 3:15-cr-00005-SLG-MMS   Document 1103   Filed 05/16/23   Page 5 of 11

holding to compassionate release motions in which the defendant asserted that this non-retroactive, § 851 mandatory minimum sentencing change constituted an extraordinary and compelling reason warranted a reduction of sentence.[17]

## II. Exhaustion of administrative rights

An inmate has exhausted his administrative rights if the warden of the inmate's facility has denied the inmate's request for compassionate release or if 30 days have lapsed from the warden's receipt of the request for compassionate release.[18] Mr. Lampkin previously asserted that he had requested compassionate release from the Sheridan FCI warden in August 2020.[19] It appears that the warden did not respond to the request. The government agreed then that Mr. Lampkin exhausted his administrative rights.[20] The Court will consider the motion on its merits.

---

12 months; and he was released from that term of imprisonment within 15 years of the commencement of this offense. *See* Docket 416 at 2; Docket 750 at 26-27; Docket 260 at 2-3, 8-9; Case No. 3:00-cr-00079-HRH, Docket 439, Docket 683.

[17] *See United States v. Ogata*, Case No. CR 12-00190 HG-01, 2022 WL 17325816 (D. Haw. Nov. 29, 2022) (reducing defendant's sentence after considering the change to the § 841(b)(1)(A) mandatory minimum); *United States v. Hernandez*, Case No. 12CR0250-LAB, 2022 WL 17905524 (S.D. Cal. Dec. 23, 2022) (reducing defendant's sentence after considering that defendant's prior predicate offense would no longer trigger a § 851 enhancement under current law); *United States v. McCreery*, Case No. 1:08-CR-00091-BLW-4, 2022 WL 6152761, at *4 (D. Idaho Oct. 7, 2022) (having "no hesitation in finding [the defendant's] sentencing disparity extraordinary and compelling" after considering change to the § 851 mandatory minimum enhancement).

[18] 18 U.S.C. § 3582(c)(1)(A).

[19] Docket 989 at 3, 6.

[20] Docket 994 at 9.

Case No. 3:15-cr-00005-SLG, *United States v. Lampkin*
Order re Motion for Compassionate Release
Page 6 of 11
Case 3:15-cr-00005-SLG-MMS   Document 1103   Filed 05/16/23   Page 6 of 11

## III. Extraordinary and compelling reasons

Mr. Lampkin, who is currently 50 years old, submits that he faces a number of health concerns—specifically, obesity, a heart condition, gout, long-haul COVID, "a hernia that likely will require surgery," asthma, and an acute vulnerability to severe complications from COVID-19 infections based on his medical conditions.[21] Mr. Lampkin also contends that his original sentence was improperly enhanced pursuant to 21 U.S.C. § 851 in 2018, and that were he to be sentenced today, he would not have received the same enhancement.[22] Mr. Lampkin cites to *Chen* in support of his argument, and appears to encourage the Court to consider the change in the law as an "extraordinary and compelling" circumstance to justify reducing his sentence.[23] Mr. Lampkin then asserts several other reasons why his sentence should be reduced, such as that his mandatory minimum sentence was incorrectly increased based on a faulty analysis of the amount of pure methamphetamine he possessed and unacceptable prison conditions at Sheridan FCI that were exacerbated during the COVID-19 pandemic.[24]

Pursuant to the Court's request, the U.S. Probation Office filed a memorandum calculating what the current sentencing range would be for Mr.

---

[21] Docket 1100 at 3.

[22] Docket 1100 at 3.

[23] Docket 1100 at 3.

[24] *See* Docket 1100 at 2-9.

Case No. 3:15-cr-00005-SLG, *United States v. Lampkin*
Order re Motion for Compassionate Release
Page 7 of 11
Case 3:15-cr-00005-SLG-MMS   Document 1103   Filed 05/16/23   Page 7 of 11

Lampkin, "including whether the [section] 851 sentencing enhancement with respect to Count 11 would now be a mandatory minimum of 15 years instead of 20 years."[25] The Probation Office responded that the statutory mandatory minimum for Count 11 would now indeed be 15 years, and that the current guideline range for Mr. Lampkin's convictions in this case would be 180 to 210 months.[26]

The Court finds that this change in the law and "the disparity between [the original] sentence and the sentence 'Congress now believes to be an appropriate penalty for [Mr. Lampkin's] conduct,'" in combination with Mr. Lampkin's health issues, rehabilitative efforts, and prison conditions, constitute extraordinary and compelling reasons that warrant a sentence reduction in Mr. Lampkin's case.[27]

### IV. Section 3553(a) factors

In considering a motion for compassionate release, the § 3553(a) factors are a lens through which the Court views the continued validity of the imposed sentence. Mr. Lampkin asserts that he "has performed admirably during his term in prison."[28] He worked as a Unit Orderly during the COVID-19 pandemic and "was tasked with serving food to inmates [and] making sure inmates had soap,

---

[25] Docket 1101; Docket 1102 (sealed).

[26] *See* Docket 1102 at 1-2.

[27] *See Ogata*, 2022 WL 17325816, at *3 (quoting *United States v. McCoy*, 981 F.3d 271, 285 (4th Cir. 2020)).

[28] Docket 1100 at 10.

Case No. 3:15-cr-00005-SLG, *United States v. Lampkin*
Order re Motion for Compassionate Release
Page 8 of 11
Case 3:15-cr-00005-SLG-MMS   Document 1103   Filed 05/16/23   Page 8 of 11

razors, [and] cleaning supplies." Mr. Lampkin states that he "also saved a jail guard's life . . . when they were attacked by another person." Mr. Lampkin asserts that he participated in the Residential Drug and Alcohol Program, and he has thus far served about eight years of his sentence.[29] According to the Probation Office, while Mr. Lampkin has an extensive criminal history, he "has had no disciplinary incidents while in BOP custody for the instant offense[s]."[30]

The Court finds that, in light of the applicable § 3553(a) factors, a reduction in Mr. Lampkin's sentence from 240 months to 180 months (15 years) is warranted. A sentence of 180 months would appropriately reflect the seriousness of Mr. Lampkin's offenses, the history and characteristics of Mr. Lampkin, including his health problems and his age; would promote respect for the law; would afford adequate deterrence; would protect the public; and would provide just punishment.[31] Such a sentence falls within the current guideline range of 180 to 210 months, and it also addresses to some degree the sentencing disparity between Mr. Lampkin and his co-defendants.[32] As this Court stated in 2018 when imposing the 240-month sentence the Court was then required to impose the 240 month sentence was not a just sentence because "it is excessive, it's unnecessary,

---

[29] Docket 1100 at 10.

[30] Docket 1102 at 2-3.

[31] 18 U.S.C. § 3553(a)(1)-(2).

[32] *See* 18 U.S.C. § 3553(a)(4), (6); Docket 1102 at 1-2; Docket 852 at 21-22.

Case No. 3:15-cr-00005-SLG, *United States v. Lampkin*
Order re Motion for Compassionate Release
Page 9 of 11

and it fails to avoid unwarranted sentencing disparities."[33]  The Court finds that this sentencing reduction to the current mandatory minimum sentence is warranted.[34]  The Court does not decide whether the Court has the authority to impose a sentence at this time that is below the current mandatory minimum sentence, as it finds that the 15-year sentence is warranted in any event upon consideration of all the Section 3553(a) factors.[35]

Therefore, the Court finds that there are extraordinary and compelling reasons that warrant a sentence reduction and that the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction to 180 months.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant's motion at Docket 1100 is GRANTED as follows: Defendant's sentence is reduced from 240 months to 180 months.  Supervised release shall remain at 10 years with the same

---

[33] Docket 852 at 22.

[34] *See* Docket 852 at 22-23.

[35] *See United States v. Dobbertin*, 475 F. Supp. 3d 1263, 1270 (D. Kan. 2020) ("The court need not decide whether the compassionate release statute authorizes a sentence below the mandatory minimum sentence to resolve the current motion.").  While some district courts have concluded that they have the discretion to depart from current mandatory minimums, others have concluded to the contrary.  *See, e.g.*, *United States v. Wells*, Case No. 2:14-cr-00280-JCM-GWF, 2022 WL 1720987, at *6 (D. Nev. May 27, 2022) (reducing defendant's 107-year sentence to 10 years, below the current mandatory minimum of 35 years for his offenses); *contra United States v. Hamilton*, Case No. CR-16-00268-001-PHX-JJT, 2023 WL 183671, at *5-6 (D. Ariz. Jan. 13, 2023) (declining to reduce a sentence below the current mandatory minimum because doing so would "create unwarranted disparities in the opposite direction, imposing a more lenient sentence than similarly situated defendants facing sentencing post-FSA can now receive").

Case No. 3:15-cr-00005-SLG, *United States v. Lampkin*
Order re Motion for Compassionate Release
Page 10 of 11
Case 3:15-cr-00005-SLG-MMS   Document 1103   Filed 05/16/23   Page 10 of 11

conditions previously imposed. The Clerk of Court shall enter an amended judgment accordingly.

DATED this 16th day of May, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:15-cr-00005-SLG, *United States v. Lampkin*
Order re Motion for Compassionate Release
Page 11 of 11
Case 3:15-cr-00005-SLG-MMS   Document 1103   Filed 05/16/23   Page 11 of 11