<pre>
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF ALASKA
</pre>

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>MURVILLE LAMPKIN,<br><br>        Defendant. | Case No. 3:15-cr-00005-SLG |

### ORDER RE MOTION FOR RECONSIDERATION

Before the Court at Docket 1108 is Defendant Murville Lampkin's pro se *Motion for Reconsideration*. On July 10, 2023, the Court requested a response from the Government regarding the Attorney General's recently issued guidance regarding the filing of Section 851 notices as well as the Section 3553 factors; however, no response has been filed.[1]

The Court previously granted Mr. Lampkin's most recent motion for compassionate release in an order filed on May 16, 2023.[2] The Court reduced Mr. Lampkin's sentence to the current statutory mandatory minimum when the enhanced penalty provision of 21 U.S.C. § 251 is applicable, which resulted in a revised judgment of 180 months to serve.[3]

---

[1] Docket 1109.

[2] Docket 1103.

[3] Docket 1104

In his motion for reconsideration, Mr. Lampkin asks this Court to further reduce his sentence. He first maintains that the Section 851 enhancement should not have been applied in his case, citing to the Attorney General's recent guidelines setting out the criteria for applying the enhancement. That guideline encourages prosecutors to decide whether to file an information under 21 U.S.C. § 851 "at the time the case is charged or as soon as possible thereafter." It also provides that "a Section 851 enhancement should not be filed simply to exert leverage to induce a plea or because the defendant elected to exercise the right to trial."[4]

In this case, Mr. Lampkin was initially indicted on January 22, 2015 on a drug conspiracy charge involving 50 grams or more of a mixture containing methamphetamine and a detectable amount of heroin, as well as a count of distribution of heroin and possession with intent to distribute methamphetamine.[5]

In late October and early November 2015, five of the codefendants plead guilty to the charges against them in the indictment.[6] A superseding indictment was promptly filed thereafter, on November 18, 2015. The superseding indictment added a money laundering conspiracy charge against Mr. Lampkin.[7] At that point,

---

[4] Docket 1108 at 3.

[5] Docket 9.

[6] Docket 233 (Adam Michael Cornelison); Docket 237 (Robert Lee Rast); Docket 248 (Rennie Marie Davis); Docket 254 (Toa Danh Ly); Docket 255 (Pao Lee).

[7] Docket 260.

Case No. 3:15-cr-00005-SLG, *USA v. Lampkin*
Order re Motion for Reconsideration
Page 2 of 6
Case 3:15-cr-00005-SLG-MMS   Document 1112   Filed 08/11/23   Page 2 of 6

Mr. Lampkin was the only defendant awaiting trial; four other defendants were still at large. Kasey Martinez was arrested in December 2015; on April 8, 2016, she entered a guilty plea to the charge against her.[8] One month later, when Mr. Lampkin was the only defendant awaiting trial, the Government filed its Notice of Intent to Seek Enhanced Statutory Penalties against Mr. Lampkin.[9]

Mr. Lampkin asserts that the filing of the 851 notice "was used as an extra punishment for Mr. Lampkin because he elected to use his right to trial."[10] He maintains that the 851 enhancement should not be considered and he should instead be sentenced at what would have been the low end of the guidelines without the sentencing enhancement, which he maintains is 135 months. However, it appears that the Court determined that Mr. Lampkin's total offense level was 32, and his criminal history category IV, which results in a guideline range of 168 to 210 months, if the 851 enhancement is not applied.[11]

Mr. Lampkin also asserts that the 417.5 grams of methamphetamine should be assessed under the guidelines as a mixture, whereas the Court treated it as pure methamphetamine. This assertion is incorrect; the Court adopted the Presentence Report calculation, which determined that Mr. Lampkin as

---

[8] Docket 395.

[9] Docket 416.

[10] Docket 1108 at 4.

[11] Docket 826 (Statement of Reasons).

Case No. 3:15-cr-00005-SLG, *USA v. Lampkin*
Order re Motion for Reconsideration
Page 3 of 6
Case 3:15-cr-00005-SLG-MMS Document 1112 Filed 08/11/23 Page 3 of 6

responsible for the possession of 420 grams of methamphetamine, which was converted to 840 kilograms of marijuana (420 x 2).[12] Had actual methamphetamine been used in the formula, each gram would have converted to 20 kilograms of marijuana under the 2016 Guidelines manual then in effect, resulting in a considerably higher guideline calculation. Therefore, this argument is without merit.

But the Court does find that the Attorney General's pronouncement against the use of 851 sentencing enhancements for individuals who chose to go to trial to constitute one extraordinary and compelling reason that may warrant a further reduction in Mr. Lampkin's sentence, particularly in light of the degree of disparity between Mr. Lampkin's sentence and the sentences received by his co-defendants in this case—each well under 10 years.

The Court further finds that Sentencing Commission's Judiciary Sentence Information (JSIN), indicates that for the last five fiscal years, when the primary drug was methamphetamine, the final offense level was 32, and the criminal history category was IV, the average sentence imposed was 167 months and the median sentence imposed was 168 months.

The Court has also considered Mr. Lampkin's age, rehabilitation, lack of disciplinary infractions, and low security status while incarcerated.

---

[12] Docket 750 at 20.

Case No. 3:15-cr-00005-SLG, *USA v. Lampkin*
Order re Motion for Reconsideration
Page 4 of 6
Case 3:15-cr-00005-SLG-MMS   Document 1112   Filed 08/11/23   Page 4 of 6

For these reasons, the Court finds that together these facts constitute extraordinary and compelling reasons to further reduce Mr. Lampkin's sentence as if the 851 sentencing enhancement had not been filed by the government. The Court further finds that the Section 3553 factors, and particularly the need to avoid unwarranted sentencing disparities with his codefendants in this case, certain of whom were considerably more culpable than Mr. Lampkin, warrants a further modest reduction in his sentence to the low end of the guidelines as adjusted without the Section 851 enhancement, to 168 months.

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But pursuant to the First Step Act, imprisoned defendants may now bring their own motions for compassionate release seeking to modify their sentence. 18 U.S.C. § 3582(c)(1)(A) (2018). Although it appears the Ninth Circuit has not addressed this point, this Court agrees with those courts that have held that a district court has the authority to impose a sentence below a current mandatory minimum, when the resultant sentence that was imposed, in combination with other factors, together comprise extraordinary and compelling circumstances that warrant the granting of compassionate release. *See United States v. Scarmazzo*, 2023 WL 1830792, at *11-14 (E.D. Cal. 2023) (gathering cases).

For the foregoing reasons, the Court GRANTS the motion to reconsider as follows: Defendant's sentence is reduced from 180 months to 168 months.

Case No. 3:15-cr-00005-SLG, *USA v. Lampkin*
Order re Motion for Reconsideration
Page 5 of 6
Case 3:15-cr-00005-SLG-MMS   Document 1112   Filed 08/11/23   Page 5 of 6

Supervised release shall remain at 10 years with the same conditions previously imposed. The Clerk of Court shall enter an amended judgment accordingly.

Absent new and extraordinary circumstances, no further reduction in sentence will be granted in this case.

DATED this 11th day of August 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:15-cr-00005-SLG, *USA v. Lampkin*
Order re Motion for Reconsideration
Page 6 of 6
Case 3:15-cr-00005-SLG-MMS   Document 1112   Filed 08/11/23   Page 6 of 6