# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>    Plaintiff, <br><br>    v. <br><br> MURVILLE LAMPKIN, <br><br>    Defendant. | Case No. 3:15-cr-00005-SLG |

### ORDER ON MOTION FOR RECONSIDERATION AND SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE

Before the Court at Docket 1147 is Defendant Murville Lampkin's Motion for Reconsideration of this Court's prior order at Docket 1145 denying compassionate release.[1] The Government did not respond.

On July 16, 2018, this Court sentenced Mr. Lampkin to 240 months' imprisonment after a jury found him guilty of drug and money laundering charges.[2] Mr. Lampkin's sentence is scheduled to end on December 19, 2025.[3] On September 23, 2024, Mr. Lampkin was released from FCI Lompoc and transported to Alaska to begin home confinement.[4] He is supervised by staff from the Cordova

---

[1] Mr. Lampkin filed substantively the same motion at Docket 1146. He also filed a supplement to his motion at Docket 1148.

[2] Docket 825 at 1-2.

[3] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed March 14, 2025).

[4] Docket 1141 at 1.

Residential Reentry Center ("Cordova RRC").[5] The Cordova RRC is operated by The GEO Group, Inc.[6]

## I.    Applicable Law

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[7] If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits. To reduce a sentence on the merits, a court must find that "extraordinary and compelling reasons," as set forth in the applicable policy statements issued by the Sentencing Commission, and the applicable factors set forth in 18 U.S.C. § 3553(a) warrant a sentence reduction.[8]

The Sentencing Guidelines include a catchall provision for "other reasons" that might constitute an extraordinary or compelling reason warranting a sentence reduction, and a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together" "are similar in gravity" to the enumerated reasons.[9]

---

[5] Docket 1144 at 1 (explaining that the Cordova RRC is based in Anchorage, Alaska, operated by The GEO Group, Inc., and provides community home confinement services for the Bureau of Prisons).

[6] Docket 1144 at 1.

[7] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

[8] 18 U.S.C. § 3582(c).

[9] U.S. Sent'g Guidelines Manual § 1B1.13(b)(5) (U.S. Sent'g Comm'n 2023).

Case No. 3:15-cr-00005-SLG, *USA v. Lampkin*
Order on Motion for Reconsideration and Supplemental Motion for Compassionate Release
Page 2 of 6
Case 3:15-cr-00005-SLG-MMS    Document 1149    Filed 03/17/25    Page 2 of 6

## II. Exhaustion of Administrative Rights

Under § 3582(c)(1)(A), a court may reduce a term of imprisonment after a "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[10] Mr. Lampkin does not indicate whether he raised the issue with the warden of his facility, but he is not currently incarcerated in a prison, as he has been moved to home confinement. And the Government did not respond to Mr. Lampkin's motion.[11] Accordingly, the Court will consider the motion on its merits.

## III. Extraordinary and Compelling Reasons

Mr. Lampkin seeks reconsideration of the Court's order denying his motion for compassionate release and seeking a reduction of his sentence to time served so that he can begin supervised release.[12] In his prior motion, he asserted that the regulations imposed by The GEO Group, which is supervising him while he is on

---

[10] 18 U.S.C. § 3582(c)(1)(A).

[11] The Ninth Circuit has held that the exhaustion requirement is a mandatory claim-processing rule that "may be forfeited if the party asserting the rule waits too long to raise the point." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (internal quotation marks and citation omitted).

[12] Docket 1147 at 2.

Case No. 3:15-cr-00005-SLG, *USA v. Lampkin*
Order on Motion for Reconsideration and Supplemental Motion for Compassionate Release
Page 3 of 6

Case 3:15-cr-00005-SLG-MMS     Document 1149     Filed 03/17/25     Page 3 of 6

home confinement, have prevented him from finding a job.[13] He also maintained that the Bureau of Prisons has improperly refused to apply First Step Act credit.[14]

The Court denied Mr. Lampkin's motion because, at that time, Mr. Lampkin had "not demonstrated an extraordinary and compelling reason warranting a reduction of his sentence to time served," as he had only been pursing employment for just over a month.[15] As to Mr. Lampkin's claim regarding First Step Act credits, the Court found that Mr. Lampkin failed to provide evidence showing an accounting of the credits and noted the Attorney General, through the Bureau of Prisons, is responsible for administering an inmate's federal sentence, including the calculation of First Step Act credits.[16]

In the instant motions, Mr. Lampkin provides additional details about his continuing difficulty in finding employment. He explains that he has been denied employment because of his criminal background and that The GEO Group told him that he could lose privileges or be sent back to prison if he fails to find a job.[17] He also indicates that he was denied a job at a restaurant because he does not have a Social Security card and that he has an appointment with the Social Security

---

[13] Docket 1145 at 3-4.

[14] Docket 1145 at 4-5.

[15] Docket 1145 at 5.

[16] Docket 1145 at 5-6.

[17] Docket 1147 at 1.

Case No. 3:15-cr-00005-SLG, *USA v. Lampkin*
Order on Motion for Reconsideration and Supplemental Motion for Compassionate Release
Page 4 of 6
Case 3:15-cr-00005-SLG-MMS   Document 1149   Filed 03/17/25   Page 4 of 6

office to obtain a new card, which could take several months.[18] In his supplemental motion, Mr. Lampkin explains that he had an interview for another job but that the employer could not get ahold of his GEO Group case manager to complete the employment process as of January 15, 2025.[19] He also says that he first requested an accounting of his First Step Act credits in September 2024 and has renewed his request since.[20]

From Mr. Lampkin's most recent filing, it appears that he has been continuing to seek employment. While that process might be taking longer than Mr. Lampkin would like or could be more efficient, the Court finds that the current circumstances are not "similar in gravity" to the enumerated extraordinary and compelling reasons in the Guidelines, which include a defendant's terminal illness or serious physical or medical condition, the incapacitation of the caretaker of a defendant's minor child, spouse, or parent when the defendant would be the only available caregiver, or the defendant has been the victim of abuse in the correctional setting.[21]

As such, the Court finds that Mr. Lampkin has not shown a "(A) manifest error of the law or fact; (B) [the] discovery of new material facts not previously

---

[18] Docket 1147 at 2.

[19] Docket 1148 at 1.

[20] Docket 1148 at 2.

[21] U.S. Sent'g Guidelines Manual § 1B1.13(b)(1), (3)-(4).

Case No. 3:15-cr-00005-SLG, *USA v. Lampkin*
Order on Motion for Reconsideration and Supplemental Motion for Compassionate Release
Page 5 of 6
Case 3:15-cr-00005-SLG-MMS   Document 1149   Filed 03/17/25   Page 5 of 6

available; or (C) [an] intervening change in the law" that would warrant reconsideration of this Court's prior order.[22]

Accordingly, the Motion for Reconsideration at Docket 1147 and the Supplemental Motion for Compassionate Release at Docket 1146 are **DENIED**.

DATED this 17th day of March, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[22] Alaska L.Civ.R. 7.3(h)(1).

Case No. 3:15-cr-00005-SLG, *USA v. Lampkin*
Order on Motion for Reconsideration and Supplemental Motion for Compassionate Release
Page 6 of 6
Case 3:15-cr-00005-SLG-MMS    Document 1149    Filed 03/17/25    Page 6 of 6